[S. F. No. 1962. Department Two. — October 11, 1901.]

## JACOB STEEN, Appellant, v. SANTA CLARA VALLEY MILL AND LUMBER COMPANY, Respondent.

EVIDENCE — IMPEACHMENT OF WITNESS — PARTICULAR WRONGFUL ACTS — CROSS-EXAMINATION — COLLATERAL STATEMENTS CONCLUSIVE. — A witness cannot be impeached by evidence of particular wrongful acts; and his collateral statements, elicited on cross-examination, relative to such acts, and to his declarations concerning the same, not included in his examination in chief, and wholly outside of the issues, are conclusive, and cannot be contradicted by other witnesses.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Z. N. Goldsby, and Charles B. Younger, for Appellant.

D. W. Burchard, and Carl E. Lindsay, for Respondent.

GRAY, C. — Action for damages arising from the destruction of plaintiff's cord-wood, fence-posts, etc., by fire communicated from defendant's locomotive. The defendant obtained a verdict and judgment in its favor, and the plaintiff appeals from an order denying his motion for a new trial.

The respondent files no brief.

Plaintiff's most important witness, both as to the extent of the damage suffered and as to the origin of the fire, was his foreman, named Augustus Keyser. The defendant, in the cross-examination of this witness, went into matters altogether outside of the issues on trial. He was asked where he got the money to pay for some land that he had pre-empted in Humboldt County, and if he did not borrow it, and then an inquiry was made, as follows: "Did you not tell Mr. Cody, in December, 1893, near the old W. Whittle mill, on the public road beyond Dougherty's mill, that you got $250 to prove up some land for a man, and that you skipped out and left the man in the lurch, and that you sold the land and pocketed the money?"

The court permitted this and several other similar questions concerning the same matter to go in, against the objection and

exception of plaintiff, taken on the ground that this was not cross-examination and was immaterial. The witness answered these questions in the negative mainly, but stated that he did not know where he got the money to pay for the land. This witness was also asked, on cross-examination, as follows: "Did n't you tell Mr. Dougherty that you wanted to ship some of plaintiff's wood in Dougherty's name so that plaintiff would not find it out, so that you could get the money that was due you, and that was the only way you could get money out of Steen?" The witness denied this statement also. Again, the witness was asked if he did not tell Cody that he (witness) had stood in with the choppers, and when they cut ten, fifteen, or twenty cords of wood he would report fifteen, twenty, or thirty cords to Steen, and divide with the choppers? The witness, against the objection and exception of appellant, was compelled to answer, and he denied the conversation. Thereafter, Dougherty was called as a witness, and against the objection of appellant that it was irrelevant, "relates to collateral matter, and involves a question of wrongful acts of the witness Keyser toward the plaintiff," he testified, in substance, that Keyser, in April or May, 1896,—nearly a year after the fire complained of,—asked him (Dougherty) to allow Keyser to ship wood in Dougherty's name and pay Keyser the money for it, "so that Steen (his employer) would not know it." Cody was also called as a witness by respondent, and testified that he had a conversation with Keyser in May, 1894, in which Keyser said, "When the choppers cut ten or fifteen cords of wood, I report the amount to Steen at twenty-five or thirty cords, and divide the profits with the choppers," and that Keyser turned around and pointed to where a clump of oaks had formerly stood, and said, "Those trees made me eight or ten cords of wood, and I turned them into Steen for twenty-five cords, and I and the choppers divided." This was also duly objected to, and exception taken to the action of the court in admitting it. It is obvious that all this must have seriously affected the credibility of the witness Keyser in the eyes of the jury. It is equally obvious that the rulings of the court in connection with the matter were in plain violation of section 2051 of the Code of Civil Procedure, which forbids the impeachment of a witness "by evidence of particular wrongful acts." It cannot be said that any of the alleged statements of the witness, concerning which inquiry was made, was "incon-

sistent with his present testimony," within the meaning of section 2052 of the Code of Civil Procedure. The statements of the witness must be pertinent to the issues on trial, or they cannot be contradicted. The questions at issue were the origin of the fires of July 25 and 26, 1894, and the amount of wood and other property destroyed at that time. The statements put in evidence had no connection with these questions, nor were they contradictory of anything that the witness had testified to in his examination in chief, and therefore the questions concerning them should have been excluded. (*Faulkner* v. *Rondoni*, 104 Cal. 140.)

For the foregoing reasons we advise that the order appealed from be reversed.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

McFarland, J., Temple, J., Henshaw, J.